**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

JUN 22 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-10159 |
| Plaintiff-Appellee, | D.C. No. 2:11-cr-00234-TLN-1 |
| v. | |
| STEVEN ZINNEL, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Eastern District of California
Troy L. Nunley, District Judge, Presiding

Submitted June 17, 2021**
San Francisco, California

Before: THOMAS, Chief Judge, and BRESS and BUMATAY, Circuit Judges.
Partial Dissent by Judge BRESS

Steven Zinnel was convicted of concealment of property in anticipation of

bankruptcy, 18 U.S.C. § 152(7); concealment of property in bankruptcy proceedings,

18 U.S.C. § 152(1); money laundering, 18 U.S.C. § 1956(a)(1)(B)(i); monetary

---

\* This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

\*\* The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

transactions in criminally-derived property, 18 U.S.C. § 1957; and money laundering conspiracy, 18 U.S.C. § 1956(h). In this appeal, Zinnel only challenges his sentence and term of supervised release. Zinnel argues that the district court procedurally erred in imposing his sentence, that his term of imprisonment for 152 months is substantively unreasonable, that several standard and special conditions of supervised release require remand, and that his case should be reassigned due to the district court's bias. We have jurisdiction under 28 U.S.C. § 1291, and we review for abuse of discretion. *United States v. Carty*, 520 F.3d 984, 993 (9th Cir. 2008) (en banc).

1. With the exception of the imposition of standard condition 8, discussed *infra*, the district court did not procedurally err in sentencing Zinnel. The district court adequately addressed Zinnel's argument that his sentence should only be 36 months based on the sentences of 42 unrelated bankruptcy-fraud defendants. As the district court noted, differences among sentences of unrelated defendants is not evidence of *unwarranted* disparity. *United States v. Treadwell*, 593 F.3d 990, 1011–12 (9th Cir. 2010), *overruled on other grounds by United States v. Miller*, 953 F.3d 1095 (9th Cir. 2020). Furthermore, the district court sufficiently explained the factors that went into its sentence, such as the severity and length of Zinnel's fraud, how it ensnared family and friends, and the amount of the loss involved. The district court also adequately explained its imposition of a three-year term of supervised

2

release, noting that the term would help Zinnel reintegrate into the community. The district court accordingly "set forth enough to satisfy the appellate court that [it] considered the parties' arguments and ha[d] a reasoned basis for exercising [its] own legal decisionmaking authority." *United States v. Laurienti*, 731 F.3d 967, 975 (9th Cir. 2013) (quoting *United States v. Apodaca*, 641 F.3d 1077, 1081 (9th Cir. 2011)).

2. Zinnel's argument that his sentence is substantively unreasonable is without merit. Zinnel does not contest that the district court accurately calculated his Guidelines range to be 188 to 235 months. The district court then sentenced Zinnel to 152 months—three years below the low end of the Guidelines range. Zinnel fails to demonstrate how the court's downward variance of three years was so insufficient as to constitute an abuse of discretion or make his sentence substantively unreasonable. *See United States v. Bendtzen*, 542 F.3d 722, 729 (9th Cir. 2008) ("Because 'a Guidelines sentence will usually be reasonable,' . . . [the defendant's] below-Guidelines sentence, supported by the district court's specific reasoning, is reasonable." (quoting *Carty*, 520 F.3d at 994)).[1]

3. As the government concedes, Zinnel's supervised release standard conditions 4 and 12 (regarding "regular work" and "risk-notification") are

[1] Zinnel also argued that the district court violated his Sixth Amendment rights by using facts not found by the jury to significantly increase his sentence within the statutory maximum. He concedes, however, that we are bound by precedent to reject the argument. *See, e.g.*, *United States v. Barragan*, 871 F.3d 689, 716 (9th Cir. 2017); *Treadwell*, 593 F.3d at 1017.

unconstitutionally vague, following this court's decision in *United States v. Evans*, 883 F.3d 1154, 1163–64 (9th Cir. 2018). These conditions are vacated and remanded for the district court to modify the conditions in line with our post-*Evans* holdings. *See United States v. Gibson*, No. 20-10074, 2021 WL 2008217, at *6 (9th Cir. May 20, 2021); *United States v. Ped*, 943 F.3d 427, 433–34 (9th Cir. 2019).

4. It was not an abuse of discretion for the district court to impose the "no alcohol" special condition of supervised release. This court will uphold the condition when "there was *some evidence* of prior alcohol, drug, or prescription medicine abuse." *United States v. Betts*, 511 F.3d 872, 879 (9th Cir. 2007) (emphasis added). In imposing the condition, the district court relied on evidence in the presentence report that Zinnel struggled with excessive alcohol consumption following his indictment in this case. The district court also noted that Zinnel admitted to struggling with alcohol addiction previously in his life. This was a sufficient basis to impose the condition.

5. Zinnel contends that the district court procedurally erred in imposing supervised release standard condition 8, which would prevent Zinnel from contacting his life partner of over 19 years during his three-year term of supervised release. We agree. Such a ban on associating with a "life partner" implicates a particularly significant liberty interest, and triggers "enhanced procedural requirement[s]." *United States v. Wolf Child*, 699 F.3d 1082, 1091 (9th Cir. 2012);

4

*United States v. Napulou*, 593 F.3d 1041, 1047 (9th Cir. 2010) (quoting *United States v. Weber*, 451 F.3d 552, 568 (9th Cir. 2006)). While the district court explained that the condition was "reasonably related" to protecting the public from further crimes Zinnel might be tempted to commit with his life partner, that was insufficient. Under our precedent, the district court must explain why this condition is not only reasonably related, but "necessary" to accomplish one or more of the factors listed in 18 U.S.C. § 3583(d)(1). *Wolf Child*, 699 F.3d at 1092. Given that the district court found that Zinnel and his life partner's crimes were driven by animosity towards Zinnel's ex-wife, and that Zinnel's divorce will be long finalized by the time of his release, more explanation is needed to ensure that the condition is "no greater deprivation of liberty than is reasonably necessary." *Id.* (quoting *United States v. Stoterau*, 524 F.3d 988, 1005 (9th Cir. 2008)). This condition is vacated and remanded for further consideration.

6. Zinnel's assertion that this case should be reassigned due to the district judge's bias is without merit. There is no proof of personal bias, and the factors we must consider in determining whether "unusual circumstances" require reassignment weigh in favor of remanding this case to the same judge. *Medrano v. City of Los Angeles*, 973 F.2d 1499, 1508 (9th Cir. 1992).

For the forgoing reasons, we **AFFIRM** in part, **VACATE** in part, and **REMAND** for resentencing consistent with this disposition.

5

FILED

JUN 22 2021

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

BRESS, Circuit Judge, dissenting in part:

I concur in the Court's disposition, except for its determination that the district court was required to give more explanation in imposing supervised release standard condition 8. The district court conducted an extensive re-sentencing following this Court's prior remand, which included findings on Zinnel's criminal conduct with Eidson and their unwillingness to abide by court orders. I do not believe the district court committed procedural error in determining that Zinnel should be prevented from associating with Eidson during Zinnel's term of supervised release. In my respectful view, the district court during the re-sentencing made ample findings that support its decision to impose standard condition 8.